# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50486
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE BEDOLLA-TALAVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1695

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Bedolla-Talavera appeals his conviction for illegal reentry into the United States, which resulted in a below-guidelines sentence of 40 months in prison and a three-year term of supervised release. He argues that his rights under the Confrontation Clause were infringed by the admission of a Certificate of Nonexistence of Record (CNR) at trial and that the remaining evidence is insufficient to support his conviction. The Government argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50486

there is no Confrontation Clause violation because Bedolla-Talavera had an opportunity to challenge the admission of the CNR pursuant to Federal Rule of Evidence 803(10)(B) and that the evidence adduced at trial is sufficient to uphold the conviction even absent the CNR.

Under the Sixth Amendment, a criminal defendant has the right "to be confronted with the witnesses against him." *Coy v. Iowa*, 487 U.S. 1012, 1015 (1988). When, as is the case here, a Confrontation Clause claim was preserved in the district court, it is reviewed de novo but is nonetheless subject to harmless error review. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007).

We decline to resolve the Confrontation Clause issue because our review of the evidence adduced at trial convinces us that any error resulting from admission of the CNR was harmless. Trial evidence showed that Bedolla-Talavera was found lying on the ground, facedown, in the United States near the Rio Grande, and that his pants were wet below the knees. He admitted that he had no documentation, and he told the processing agent he was a Mexican citizen. His Mexican birth certificate and a prior removal order were admitted. This evidence sufficed to permit the jury to conclude that Bedolla-Talavera did not have permission to apply for admission to this country. Accordingly, admission of the CNR was harmless. *See United States v. Martinez-Rios*, 595 F.3d 581, 587 & n.7 (5th Cir. 2010). This evidence also suffices to permit a reasonable jury to find beyond a doubt that Bedolla-Talavera was guilty of illegal reentry. *See United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011); 8 U.S.C. § 1326. The judgment of the district court is AFFIRMED.