# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2020

Lyle W. Cayce
Clerk

No. 19-50245

United States of America,

*Plaintiff—Appellee*,

*versus*

Marvin Danilo Vasquez-Cortez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-91-1

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Marvin Danilo Vasquez-Cortez appeals his conviction for illegal reentry into the United States, arguing his rights under the Sixth Amendment's Confrontation Clause were violated by the admission of a certificate of nonexistence of record (CNR) at trial. We conclude that any error was harmless and so the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Background

Vasquez-Cortez was charged with illegal reentry into the United States. On February 22, 2019, the Government filed a notice of intent to introduce at trial a CNR showing that a diligent search failed to disclose any records indicating Vasquez-Cortez had obtained permission to reapply for admission to the United States. In a joint motion in limine filed March 5, 2019, Vasquez-Cortez raised a Confrontation Clause objection to admitting the CNR into evidence without live testimony from the person who prepared the CNR. The Government responded that Vasquez-Cortez failed to timely file his objection pursuant to Federal Rule of Evidence 803(10). At the pretrial hearing, the district court agreed with the Government and denied Vasquez-Cortez's objection as untimely.

At trial, the district court overruled Vasquez-Cortez's renewed objection to admitting the CNR into evidence. The Government read the CNR aloud to the jury but did not make the individual who prepared the CNR available for cross-examination. Instead, the Government presented testimony from Border Patrol agent Christian Maldonado, who explained the CNR indicated that, based on a search of multiple government databases, there was no record showing Vasquez-Cortez applied for or received permission to reenter the United States. The Government also presented testimony from two other Border Patrol agents who stated they found Vasquez-Cortez near the border at night, lying face down and wearing dark clothing that was wet from the waist down as if he had gone through a canal on the north side of the border fence. The agents further testified that Vasquez-Cortez told them he was from El Salvador, did not have any documents permitting him to be in the United States, and entered illegally by jumping over the border fence.

The jury found Vasquez-Cortez guilty, and he was sentenced to time served. He filed a timely notice of appeal.

## II. Discussion

This court reviews alleged Confrontation Clause violations de novo, subject to harmless error analysis. *See United States v. Tirado-Tirado*, 563 F.3d 117, 122 (5th Cir. 2009). The Sixth Amendment affords a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The parties agree the CNR is a testimonial statement subject to the confrontation right, but they disagree as to whether Vasquez-Cortez waived his Confrontation Clause challenge by failing to object within the time period required by Rule 803(10). This court need not decide the issue, however, because any Confrontation Clause error in this case was harmless.

To convict Vasquez-Cortez for illegal reentry under 8 U.S.C. § 1326, the Government was required to prove Vasquez-Cortez (1) was an alien; (2) was previously removed from the United States; (3) knowingly entered or was found in the United States; and (4) did not have permission to reenter. *United States v. Martinez-Rios*, 595 F.3d 581, 583 (5th Cir. 2010). The CNR relates to the fourth factor. For a preserved constitutional error to be harmless, there must be no "reasonable possibility that the evidence complained of might have contributed to the conviction." *United States v. Duron-Caldera*, 737 F.3d 988, 996 (5th Cir. 2013) (quotation marks and citation omitted). Relevant considerations include the importance of the challenged testimony in the Government's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony on material points, the extent of cross-examination otherwise permitted, and the overall strength of the Government's case. *See id.* The conviction "must stand if, upon a reading of the trial record, the court is firmly convinced that the evidence of petitioner's guilt was overwhelming and that the jury would have reached the same result without the tainted evidence." *Zilka v. Estelle*, 529 F.2d 388, 392

(5th Cir. 1976). It is the Government's burden to show the error is "harmless beyond a reasonable doubt." *Tirado-Tirado*, 563 F.3d at 126.

Although the Government pointed to the CNR as one piece of evidence showing Vasquez-Cortez did not have the required permission to reenter, it spent significantly more time at trial emphasizing other evidence proving this element of the crime, including the Border Patrol agents' testimony.

In addition to the CNR, the Government presented testimony from two Border Patrol agents who stated they found Vasquez-Cortez lying face down near the border at night, wearing dark clothing that was wet from the waist down as if he had gone through a canal on the north side of the border fence. The agents further testified Vasquez-Cortez told them he was from El Salvador, did not have documents permitting him to be in the United States, and entered illegally by jumping over the border fence.

The CNR was also cumulative because "substantial evidence supports the same facts and inferences" as those in the CNR. *See United States v. Demmitt*, 706 F.3d 665, 673 (5th Cir. 2013). The circumstances of Vasquez-Cortez's arrest and the Border Patrol agents' testimony that he told them he did not have documents permitting him to be in the United States and had illegally crossed the border all support the facts and inferences in the CNR. Thus, there is ample evidence corroborating the CNR; in contrast, there is no evidence in the record contradicting the CNR. The overwhelming evidence of Vasquez-Cortez's guilt in the record supports the conclusion that the jury would have reached the same result without the CNR. *See Zilka*, 529 F.2d at 392.

This court reached the same conclusion in *United States v. Bedolla-Talavera*, 593 F. App'x 413 (5th Cir. 2015) (per curiam), an unpublished opinion that involved similar facts and an identical Confrontation Clause

challenge to the admission of a CNR.[1] In *Bedolla-Talavera*, the trial evidence established the defendant was found lying on the ground facedown near the Rio Grande, wearing pants that were wet below the knees. *Id.* at 414. The defendant admitted he had no documentation and told a Border Patrol agent he was a Mexican citizen. *Id.* Based on this evidence, this court stated it was convinced that "any error resulting from admission of the CNR was harmless." *Id.*

Given the foregoing, the Government has met its burden of showing any error arising from the admission of the CNR was harmless beyond a reasonable doubt. *See Zilka*, 529 F.2d at 392. The district court's judgment is **AFFIRMED**.

---

[1] Although unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, they are "highly persuasive" authority where, as here, they "specifically reject an argument identical to the one raised," *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (quotation marks and citation omitted).