# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────────

No. 15-30112
Summary Calendar

───────────

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

MICHAEL F. ILLIES,

Defendant-Appellant

───────────────────

Appeal from the United States District Court
for the Western District of Louisiana

───────────────────

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

While on supervised release, Michael Illies left the state of Texas without the permission of his probation officer and travelled to Arkansas, where he was arrested and charged with several drug offenses. He pled guilty, in Arkansas state court, to possession of methamphetamine with the intent to deliver. The state court sentenced him to twenty years in prison, with twelve years suspended. Thereafter, Illies appeared in federal court for a revocation hearing. At the hearing, Illies agreed that he was convicted of a new felony in Arkansas, which required mandatory revocation of his sentence and that the applicable advisory guideline sentencing range was 27 to 33 months. The

No. 15-30112

district court sentenced him to 27 months in prison, to be served consecutively to any other sentence, with no term of supervised release. This appeal followed.

As a preliminary matter, we note that Illies did not object to his sentence after it was imposed. Nor did he raise below any of the arguments he now makes on appeal. Thus, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Illies challenges his sentence on three grounds. He first argues that the district court committed procedural error by failing to consider the proper 18 U.S.C. § 3553(a) factors when determining his sentence. He contends that, in accordance with 18 U.S.C. § 3583(e), the district court was required to consider the factors set forth in 18 U.S.C. §§3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7), and should not have considered the factors set forth in 18 § 3553(a)(2)(A): "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Illies's reliance on 18 U.S.C. § 3583(e), which concerns discretionary revocations, is misplaced. Under 18 U.S.C. § 3583(g), revocation is mandatory for a defendant who unlawfully possesses a controlled substance in violation of 18 U.S.C. § 3583(d). *See* 18 U.S.C. § 3583(g)(1). When revoking a term of supervised release under § 3583(g), the district court may consider the § 3553(a) factors in determining the length of the resulting sentence, but is not required to do so. *See United States v. Giddings*, 37 F.3d 1091, 1095-97 (5th Cir. 1994). And, in two unpublished opinions, we have declined to find a clear or obvious error in the district court's consideration of the 18 U.S.C. § 3553(a)(2)(A) factors when revoking a supervised release term under 18 U.S.C. § 3583(g). *See United States v. Holmes*, 473 F. App'x 400, 401 (5th Cir. 2012); *United States v. Wilson*, 460 F. App'x 351, 352 (5th Cir. 2012). Although unpublished, these cases are "highly persuasive" because they

2

specifically reject an argument identical to the one raised here. *See United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011). Here, Illias was convicted in Arkansas state court of possession of a controlled substance, so his revocation was mandatory. *See* § 3583(d), (g)(1). Thus, the district court was not required to consider the factors he cites, nor was it clear error for the district court to consider the 18 U.S.C. § 3553(a)(2)(A) factors. Hence this argument fails.

Illias next argues that the district court made erroneous factual findings with respect to whether Illies's travel to Arkansas was authorized and whether Illias was selling drugs rather than just using them. (ECF 22, 21-23.) In this circuit, however, "questions of fact capable of resolution by the district court can never constitute plain error," *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (citation omitted), and, regardless, the findings here have support in the record.

Illias last argues that his sentence was substantively unreasonable. He contends that the district court, when balancing the sentencing factors, improperly focused on his new conviction and ignored his compliance with the terms of his supervised release up until that conviction. Illies's within-guidelines sentence is presumptively reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Illies makes no effort to rebut that presumption. Instead, his challenge amounts to a disagreement with the district court's balancing of the § 3553(a) factors, an analysis that the district court was in a better position than this court to perform. *See United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). That disagreement is insufficient to overcome the presumption.  *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012). So this argument fails as well.

No. 15-30112

Finally, we observe that the district court ordered orally that Illies's 27-month revocation sentence would be served consecutively to any other sentence, but that the written judgment does not include this language. When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement prevails. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Federal Rule of Criminal Procedure 36 is the appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment. *See United States v. Spencer*, 513 F.3d 490, 491-92 (5th Cir. 2008). We therefore sua sponte remand this case to the district court for the limited purpose of correcting the clerical error. *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING THE CLERICAL ERROR IN THE JUDGMENT.