# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10473
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHAWN GILCHREST,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CR-4

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shawn Gilchrest appeals the 18-month above-guidelines sentence imposed by the district court following the mandatory revocation of his supervised release—his second such revocation—stemming from his conviction for aiding and abetting the theft or receipt of stolen mail. *See* 18 U.S.C. § 3583(g). The instant revocation, like the first, was based on Gilchrest's continued use of illicit drugs, in violation of the standard conditions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his release.   On appeal, Gilchrest contends that his above-guidelines sentence is procedurally and substantively unreasonable.   Because Gilchrest failed to lodge an objection following the imposition of the challenged sentence, we review the district court's decision for plain error.   *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Gilchrest argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its decision to impose an above-guidelines sentence.   He asserts in particular that the district court failed to address his pleas for a lenient sentence and did not attempt to apply the cited 18 U.S.C. § 3553(a) factors of punishment and deterrence to the specific facts of his case.   The sentencing transcript reflects that the district court heard argument from both Gilchrest and his counsel in favor of a within-guidelines sentence.   The court also had before it a significant record evidencing Gilchrest's ongoing inability to comply with the conditions of his supervised release.   Given those facts, its decision to impose an above-guidelines sentence represents an implicit rejection of Gilchrest's pleas for leniency.   *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Rodriguez*, 523 F.3d 519, 524-26 (5th Cir. 2008).   Moreover, the district court invoked the sentencing factors of punishment and deterrence in specific reference to Gilchrest's continued noncompliance with the mandatory conditions of his release, which was the very basis for the revocation.

Although brief, the district court's stated reasons "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Accordingly, the court below did not commit clear or obvious procedural error with respect to its explanation of Gilchrest's above-guidelines revocation

sentence.  *See Puckett*, 556 U.S. at 135.  Moreover, even if there were error, Gilchrest fails to show that, "but for the error, he would have received a lesser sentence." *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012).

Gilchrest further contends that his sentence is substantively unreasonable because *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), prohibited the district court from considering the need for punishment in imposing a supervised release revocation sentence.  *Miller*'s prohibition on considering punishment, however, does not apply to sentences, like Gilchrest's, imposed following mandatory revocation under § 3583(g).  *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (holding that a district court does not clearly err by considering the § 3553(a)(2)(A) factors in imposing a revocation sentence under § 3583(g)).

Finally, Gilchrest asserts that the district court committed substantive error in its balancing of the § 3553(a) sentencing factors by failing to give adequate consideration to the nature and circumstances of his offenses, his personal history and characteristics, or the need for the revocation sentence to provide him with needed correctional treatment.  As a court of review, we do not second-guess the reasonable findings of the sentencing court, which "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Heard,* 709 F.3d 413, 435 (5th Cir. 2013) (internal quotation marks and citation omitted).  Nothing in the record compels a finding that the district court's balancing of the § 3553(a) factors was unreasonable.  Consequently, Gilchrest fails to show the existence of clear or obvious substantive error in that regard.  *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.