# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN JAMES RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-775-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ruben James Rios pleaded guilty to receiving child pornography, and the district court imposed a within-guidelines sentence of 235 months in prison. Rios argues that his sentence is procedurally and substantively unreasonable because the district court relied on erroneous assumptions regarding his work history and frequent changes in employment, his commission of sexual assault, and the extent of his depression. He also argues that the court erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40012

imposing a special condition of supervised release prohibiting him from viewing or possessing sexually oriented or sexually stimulating materials. Because Rios did not raise these arguments in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Rios's procedural reasonableness arguments fail for two reasons. First, he has not shown that the district court relied on the allegedly erroneous assumptions when imposing sentence. The district court did note that Rios had spent the majority of his career in jobs involving children; that he hopped from job to job, which could indicate that he was terminated for wrongdoing; and that the record contained contradictory evidence regarding the extent of Rios's depression. The court further discussed that some studies have shown that collectors of child pornography had also committed acts of child abuse that had gone undetected. However, the district court iterated that Rios's sentence was not based on any past or future physical contact with children and clearly articulated that its sentence was based on the lengthy and graphic nature of the videos that Rios possessed, the young ages of the children depicted in the videos, the specific search terms that Rios used when searching online for pre-teen, hard-core child pornography, and his attempts to conceal his identity by using a browser designed to hide his I.P. address. Thus, Rios has failed to show that the district court's comments were material to its analysis. *See United States v. Warren*, 720 F.3d 321, 331 (5th Cir. 2013).

Second, underlying the district court's allegedly incorrect assumptions are its factual determinations regarding Rios's employment history, the reasons for his job hopping, and the extent of his depression. Because "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error," Rios cannot establish

No. 16-40012

plain error in connection with this claim. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Regarding Rios's substantive reasonableness challenge, he has not shown that the district court gave significant weight to an irrelevant or improper factor, and he likewise cannot show that the court committed clear error in judgment in balancing the sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). At most, his argument that the court gave too much weight to some factors amounts to a disagreement with the balance that the district court struck, but we will not reweigh the 18 U.S.C. § 3553(a) factors. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011); *United States v. Heard,* 709 F.3d 413, 435 (5th Cir. 2013). The district court understood the facts of the case, listened to Rios's reasons for a downward variance, and explained its reasons for the sentence. Rios's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Finally, Rios's crime was sexual in nature, and, as such, the district court did not plainly err by imposing a special condition prohibiting him from viewing or possessing sexually oriented or sexually stimulating material. *See United States v. Ellis,* 720 F.3d 220, 226-27 (5th Cir. 2013).

AFFIRMED.