# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-60703
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LACEY KRISTINA HORN,

Defendant - Appellant

————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CR-149-1

————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lacey Kristina Horn appeals her above-Guidelines sentence of 24 months' imprisonment, imposed for the third revocation of her supervised release. The prior supervised-release periods were imposed in accordance with 18 U.S.C. § 3583, following Horn's 18-month imprisonment imposed for her guilty-plea sentence for burglary at a place within a special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 7(3).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60703

Horn contends the district court's most recent revocation-sentence involved procedural error and was substantively unreasonable.

Because Horn did not raise the specific claim of procedural error in district court, review is only for plain error. *E.g.*, *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Under that standard, Horn must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

A district court fashioning a revocation sentence under 18 U.S.C. § 3583(e) may not consider the factors set forth in 18 U.S.C. § 3553(a)(2)(A). *United States v. Miller*, 634 F.3d 841, 843–44 (5th Cir. 2011). Under § 3583(g)(1), however, because Horn violated her release by possession of a controlled substance, the court was required to revoke the term of supervised release; and, when revoking a term of supervised release under § 3583(g), the court may consider the § 3553(a) factors in determining the length of sentence. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015). Therefore, regardless whether the court relied on a § 3553(a)(2)(A) factor in imposing the revocation sentence, the court did not clearly or obviously err in any manner affecting Horn's substantial rights. *See id.*; *see also United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *Whitelaw*, 580 F.3d at 259–61.

Additionally, although Horn claims the court "predetermined" her sentence, she failed to adequately brief this portion of her procedural challenge. Her predetermination claim is, therefore, abandoned. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

2

No. 16-60703

Given Horn's objection at sentencing to the substantive reasonableness of her sentence, we review the challenge under the "plainly unreasonable" standard. *See Miller*, 634 F.3d at 843. Horn's contentions on substantive reasonableness, however, amount to disagreement with the court's assessment of the sentencing factors, which this court will not re-weigh. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentencing factors relied on by the court do not render Horn's sentence substantively unreasonable. *Id.*; *Illies*, 805 F.3d at 609–10; *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

AFFIRMED.