# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-41034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIO PEREZ-MIRAMONTES,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-652-1

———————

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:*

IT IS ORDERED that our prior panel opinion is WITHDRAWN and the following opinion is SUBSTITUTED therefor.

Claudio Perez-Miramontes pleaded guilty to being found in the United States after previous deportation. The district court imposed a 65-month sentence of imprisonment, which was above the advisory guidelines range. Perez-Miramontes argues that his sentence is substantively unreasonable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41034

because the district court gave "undue, significant weight to its unfounded belief that [he] may have 'exposed others'" to his medical condition.

Perez-Miramontes's argument fails for two reasons. Underlying the district court's allegedly "unfounded belief" is its factual determination that Perez-Miramontes may have exposed others to his medical condition. The Government does not rely on our rule that "questions of fact capable of resolution by the district court can never constitute plain error." *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015). Instead it explains that the district court's factual finding was plausible in light of the record as a whole. We agree with this contention. *Id.* Second, it is evident from the record that the district court was concerned with Perez-Miramontes's recidivism and that it chose to impose the variance due to Perez-Miramontes's criminal history, to protect the public, to promote respect for the law, and to afford adequate deterrence. *See United States v. Brantley*, 537 F.3d 347, 350 (2008). Perez-Miramontes's disagreement with the district court's weighing of the factors is insufficient to demonstrate an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's explanation of its sentencing decision, Perez-Miramontes has not demonstrated that his 65-month sentence is substantively unreasonable. *See Brantley*, 537 F.3d at 349; *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.