# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40658
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANASTACIO HERNANDEZ, also known as Anastacio Hernandez-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CR-25-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Anastacio Hernandez appeals the 120-month sentence imposed after he pleaded guilty to possession of a firearm by a felon. He argues that the district court erred by applying the U.S.S.G. § 2K2.1(c)(1) cross reference to U.S.S.G. § 2X1.1 because the Government failed to prove that the firearms listed in the indictment were the same firearms used in the underlying substantive kidnapping offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40658

The Government asserts that this issue is unreviewable because Hernandez waived this argument. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). Although he admitted to possessing the weapons, Hernandez's comments to the district court did not directly address whether the Government was required to prove that the specific firearms used in the kidnapping were cited in the indictment and so fell short of intentionally relinquishing a known right to appeal the issue. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Regardless whether he waived the issue, Hernandez did not raise it in the district court. Accordingly, review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012).

The district court's "determination of the relationship between the firearm and another offense is a factual finding." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (§ 2K2.1(b)(6) case); *see also United States v. Mitchell*, 166 F.3d 748, 754 & n.24 (5th Cir. 1999). Because this factual issue could have been resolved had he raised it before the district court, Hernandez cannot now demonstrate plain error. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (noting that the general rule is that fact questions that were capable of being resolved by the district court cannot constitute plain error); *United States v. Alvarado-Saldivar*, 62 F.3d 697, 700 (5th Cir. 1995) ("For a fact issue to be properly asserted as plain error on appeal, it must be one arising outside of the district court's power to resolve."). Accordingly, the judgment of the district court is AFFIRMED.