# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50100

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AYIBATONYE BIENZIGHA, also known as Tracy Hawkins,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-347-7

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Ayibatonye Bienzigha pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(B)(i) & (h). She was sentenced at the low end of the guidelines sentencing range to 37 months of imprisonment. She did not object to the sentence imposed.

For the first time, Bienzigha argues that the district court procedurally erred by applying a two-level "sophisticated laundering" enhancement under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50100

U.S.S.G. § 2S1.1(b)(3), in conjunction with an enhancement under U.S.S.G. § 2B1.1(b)(10)(B), which provides for a two-level increase in a defendant's base offense level if a substantial part of the fraudulent scheme was committed from outside the United States. Bienzigha asserts that the application of both guidelines resulted in impermissible double counting. She also argues, for the first time, that she was entitled to a reduction in her offense level based on her role in the offense.

Because these issues were not raised in the district court, review is for plain error only. Accordingly, Bienzigha must show that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If those requirements are met, we have the discretion to correct the error, but only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted); *see Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906-07 (2018).

We note that Bienzigha does not dispute that a substantial part of the money laundering conspiracy was committed in Canada and Nigeria, as set forth in the factual basis and the presentence report, nor does she dispute that the offense involved "sophisticated laundering," as that term is defined for purposes of the § 2S1.1(b)(3) enhancement. Thus, she has waived any challenge to the sufficiency of the evidence supporting those enhancements. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

Further, the conduct supporting the § 2B1.1(b)(10)(B) increase was not the only conduct supporting the "sophisticated laundering" enhancement. *See* U.S.S.G. § 2S1.1, comment. (n.5(B)). Accordingly, Bienzigha cannot demonstrate that the district court's application of § 2B1.1(b)(10)(B) and § 2S1.1(b)(3) constituted error, much less a clear or obvious error.

No. 18-50100

As for her argument that she should have received an adjustment based on her minor or mitigating role in the offense, Bienzigha never moved for or argued in favor of a minor or minimal role adjustment, and the district court made no factual finding on that issue.  Because the decision whether to apply U.S.S.G. § 3B1.2 "involves a determination that is heavily dependent upon the facts of the particular case," § 3B1.2, comment.  (n.3(C))), and because this factual issue could have been resolved by the district court if it had been presented there, Bienzigha cannot now demonstrate plain error, *see United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015); *United States v. Alvarado-Saldivar*, 62 F.3d 697, 700 (5th Cir. 1995).

Finding no clear or obvious error, we AFFIRM the district court's judgment.