# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10985
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EARL NUNLEY, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-133-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

James Earl Nunley, Jr., pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He appeals his above-guidelines sentence of 90 months of imprisonment that was ordered to run consecutively to a state probation revocation sentence and any sentences arising from his pending state charges for possession of a controlled substance and child abandonment or endangerment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10985

First, Nunley argues that the district court plainly erred under U.S.S.G. § 5G1.3(c) when it ordered his sentence to run consecutively to any sentences in his pending state cases despite recognizing those state crimes as relevant conduct. Because Nunley did not object in the district court, we review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To succeed under this standard, Nunley must show a forfeited and clear or obvious error that affects his substantial rights. *See id.* If he makes this showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Federal courts generally have discretion to order that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. *See Setser v. United States*, 132 S. Ct. 1463, 1468–69 (2012). Exercise of that discretion, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3584(b).

The record does not establish that the district court found the state charges were relevant conduct to Nunley's federal offense, and nothing indicates that the district court believed that the status of the pending state charges either compelled a consecutive sentence or forbade a concurrent sentence. Because the finding of relevant conduct was a factual issue that could have been resolved if Nunley had raised it properly in the district court, he cannot succeed on plain error review. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Second, Nunley argues that the district court plainly erred in classifying his Texas conviction for aggravated robbery as a crime of violence under U.S.S.G. § 4B1.2. However, as he concedes, that argument is foreclosed by this

No. 18-10985

court's holding in *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379–81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc). [1]

The judgment of the district court is AFFIRMED.

---

[1] *Rodriguez* was abrogated on other grounds by *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017).