# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60433

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY SHANE BRYANT,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CR-13-2

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Shane Bryant appeals the 24-month sentence imposed after his supervised release was revoked. His sentence exceeded the advisory guidelines range but was below the statutory maximum sentence.

Bryant asserts that his revocation sentence is procedurally unreasonable because the district court impermissibly relied on a factor set forth in 18 U.S.C. § 3553(a)(2)(A) in determining the sentence. Because Bryant did not raise this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60433

claim in the district court, we review for plain error only.[1]  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Bryant admitted using and possessing drugs, in violation of the condition of his supervised release that barred the unlawful possession of a controlled substance.  A violation of that condition requires revocation under 18 U.S.C. § 3583(g).  *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).  Thus, even if the district court considered a § 3553(a)(2)(A) factor, it did not clearly or obviously err.  *See id*.

Bryant further asserts that the sentence is substantively unreasonable. He maintains that the district court failed to account for the impact of his drug addiction on his conduct or for the progress that he made on supervised release prior to its revocation.  He also suggests that his sentence was excessive under the circumstances.  We need not decide whether Bryant preserved these claims because they fail under any potentially applicable standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

The record reflects that the district court undertook an individualized assessment of the facts and gave a reasoned justification for the sentence with reference to relevant § 3553(a) factors.  *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013).  Bryant has not shown that his 24-month sentence was unreasonable, much less plainly so.  *See Gall*, 552 U.S. at 51; 128 S. Ct. at 597, *Warren*, 720 F.3d at 324–25, 332–33.  The judgment of the district court is **AFFIRMED**.

---

[1] The Supreme Court's recent decision in *United States v. Holguin-Hernandez* does not change "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence."  140 S. Ct. 762, 767 (2020).