# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 19-11049
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN CARLOS MACEDO-BENITEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-61-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Carlos Macedo-Benitez appeals his 63-month, within guidelines sentence for illegal reentry following removal. He contends that the district court erred by including 12 discretionary supervised release conditions in the written judgment that it failed orally to pronounce at sentencing. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11049

Government asserts that the error was harmless.  As a remedy, both parties seek remand to permit the district court orally to pronounce the previously unpronounced supervised release conditions.  Because Macedo-Benitez had no opportunity to object to the unpronounced conditions, we review for abuse of discretion.  *See United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020).

We agree that the district court abused its discretion by imposing the 12 unpronounced discretionary supervised release conditions because the court did not orally adopt or confirm Macedo-Benitez's review of any document listing those conditions.  *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836).  "Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006) (citation omitted).  The remedy is correction of the nonconforming written judgment.  *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

Accordingly, we REMAND this case for the district court to amend its written judgment to conform with its oral pronouncement of Macedo-Benitez's sentence.