# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2021

Lyle W. Cayce
Clerk

No. 20-10590
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENNETH WAYNE WALKER, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-79-3

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Kenneth Wayne Walker, Jr., appeals the revocation of his supervised release and the sentence of 24 months of imprisonment and 60 months of supervised release imposed under 18 U.S.C. § 3583(g).

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10590

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Walker first argues § 3583(g) is unconstitutional because it requires the district court to revoke a defendant's supervised release and impose a prison sentence without affording the defendant the constitutional right to have the allegations proven to a jury beyond a reasonable doubt. Because Walker did not assert this argument in the district court, plain error review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Walker correctly concedes that his argument under plain error review is foreclosed. Because "there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, the district court could not have committed any clear or obvious error in applying the statute." *Badgett v. United States*, 957 F.3d 536, 541 (5th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 2020 WL 6551838 (U.S. Nov. 9, 2020) (No. 20-5851).

Walker next argues that his sentence is substantively unreasonable because, by treating revocation as mandatory under § 3583(g), the district court considered an improper factor and made a clear error of judgment in balancing the sentencing factors. He also argues that the district court's statements that his sentence would "address" his supervised release violations and serve as "deterrence" showed that the district court considered punishment, which is an improper factor in a revocation sentence. A district court may consider the factors under 18 U.S.C. § 3553(a) when imposing a sentence in connection with a mandatory revocation under § 3583(g), but it is not required to do so. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Even assuming, arguendo, that treating his revocation as mandatory was an improper factor, the district court stated that it would have imposed the same sentence regardless of whether revocation was mandatory. Furthermore, Walker has not explained how the district court's other

No. 20-10590

statements evinced a desire to punish, assuming arguendo that the need to punish was an impermissible factor under § 3583(g).  Accordingly, Walker has not shown that his sentence was substantively unreasonable. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The district court's judgment is AFFIRMED.