# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2024

Lyle W. Cayce
Clerk

No. 23-40248
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Fraga,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-686-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Fernando Fraga appeals the sentence imposed upon the revocation of his supervised release, contending that the district court failed to orally pronounce the "standard" and "special" release conditions that appear in the written judgment, thus creating a conflict between the oral and written sentence pronouncements that requires reformation of the written judgment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40248

The Government agrees except as to "standard" condition 10, which it argues is sufficiently similar to one of the statutory conditions in 18 U.S.C. § 3583(d) as to require only modification, not excision, on remand.

A district court must orally pronounce a sentence to respect the defendant's right to be present at sentencing, and the pronouncement requirement extends to some, but not all, supervised release conditions. *United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc). The requirement to pronounce supervised release conditions turns on "whether a condition is required or discretionary under [§ 3583(d)]." *Id.* at 559. Any condition that is not statutorily required, whether labeled special, standard, recommended, or otherwise, is discretionary. *Id.* at 558-59. "If a condition is discretionary, the court must pronounce it to allow for an objection." *Id.* at 559. Pronouncement may be achieved, even if not explicitly, by "adopti[ng] . . . a written list of proposed conditions," such as in the PSR, so long as "the defendant confirms [his] review of the [document]." *Id.* at 560.

The district court neither orally pronounced the challenged discretionary conditions nor referenced and adopted any document containing them. Because Fraga had no opportunity to object to the imposed conditions in open court, review in this case is for abuse of discretion. *See United States v. Rivas-Estrada*, 906 F.3d 346, 348-49 (5th Cir. 2018). For the same reasons, we conclude that the district court abused its discretion by imposing the challenged conditions in violation of Fraga's right to be present at sentencing. *See Diggles*, 957 F.3d at 556-57. The district court's error also creates a conflict between the oral pronouncement of Fraga's sentence and the written judgment because the written judgment broadens the restrictions or requirements of his supervised release beyond those in the oral pronouncement. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). Consequently, the oral pronouncement controls. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). As such, the challenged

conditions must be stricken from the written judgment, *see United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

With one exception. "Standard" condition 10 provides that Fraga "must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." Although this condition was not pronounced, it is partially consistent with the statutorily required condition that the defendant not commit another federal, state, or local offense. *See* § 3583(d). Federal law prohibits convicted felons from possessing firearms, ammunition, or destructive devices. 18 U.S.C. § 922(g). And statutorily required release conditions need not be pronounced in open court. *See Diggles*, 957 F.3d at 559. Accordingly, "standard" condition 10 need only be stricken in part by removing the reference to other "dangerous weapon[s]."

We VACATE Fraga's sentence in part and REMAND for the district court to amend its written judgment in accordance with this opinion.