# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50827
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaime Lopez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-288-2

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

After a stipulated bench trial, Jaime Lopez was found guilty of conspiracy to import methamphetamine, importation of meth, conspiracy to possess meth with intent to distribute, and possession with intent to distribute meth. On appeal, Lopez contends that the denial of his motion to suppress was erroneous because there was insufficient evidence indicating that he was

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

engaged in any wrongdoing at the time of his seizure.

When considering the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Guerrero-Barajas*, 240 F.3d 428, 431–32 (5th Cir. 2001). We view the evidence in the light most favorable to the prevailing party, here, the government. *See United States v. Moore*, 805 F.3d 590, 593 (5th Cir. 2015).

Our review of the evidence supports the denial of Lopez's suppression motion in light of the three-factor test for application of the extended border search doctrine. *See United States v. Cardenas*, 9 F.3d 1139, 1148 (5th Cir. 1993). That ruling is AFFIRMED. *See United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014); *see also United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013) (holding that a ruling on a motion to suppress may be affirmed on any ground established by the record).

Under Federal Rule of Criminal Procedure 36, we may review a judgment *sua sponte* for clerical errors and may remand for the limited purpose of correcting those errors. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). The written judgment incorrectly states that Lopez pleaded guilty to all four counts of the indictment. The record shows that he was found guilty on all four counts after a stipulated bench trial. Accordingly, this case is REMANDED for the limited purpose of correcting the clerical error in the written judgment. *See* Fed. R. Crim. P. 36.