# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2024

Lyle W. Cayce
Clerk

No. 24-20195
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Deiski Traman Woodson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-45-1

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Deiski Traman Woodson appeals the sentence imposed upon revocation of his supervised release. He contends that the district court failed to orally pronounce the "standard" and "special" release conditions that appear in the written judgment, which created a conflict that requires reformation of the written judgment. The Government agrees, except as to

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

standard conditions 10 and 14, which it argues are sufficiently similar to mandatory conditions in 18 U.S.C. § 3583(d).

To respect the defendant's right to be present at sentencing, a district court must orally pronounce a sentence; the pronouncement requirement extends to some, but not all, supervised release conditions. *United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc). The requirement to pronounce supervised release conditions turns on "whether a condition is required or discretionary under [§ 3583(d)]." *Id.* at 559. Any condition that is not statutorily required, whether labeled special, standard, recommended, or otherwise, is discretionary. *Id.* at 558-59. "If a condition is discretionary, the court must pronounce it to allow for an objection." *Id.* at 559. Pronouncement may be achieved, even if not explicitly, by adopting a list of proposed conditions, so long as the defendant has had an opportunity to review the document. *Id.* at 560-61 & n.5.

Here, the district court did not orally pronounce the challenged discretionary conditions, refer to and adopt any document containing them, or indicate that it was reimposing the conditions from Woodson's prior supervised release term. Because Woodson had no opportunity to object to the imposed conditions in open court, review in this case is for abuse of discretion. *See United States v. Rivas-Estrada*, 906 F.3d 346, 348-49 (5th Cir. 2018). We conclude that the district court abused its discretion by imposing the challenged conditions in violation of Woodson's right to be present at sentencing. *See Diggles*, 957 F.3d at 556-57. The district court's error creates a conflict between the oral pronouncement of Woodson's sentence and the written judgment because the written judgment broadens the restrictions or requirements of his supervised release beyond those in the oral pronouncement. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). Consequently, the oral pronouncement controls. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). The challenged conditions must

therefore be stricken from the written judgment—with two exceptions. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

Standard condition 10 provides that Woodson "must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." Although this condition was not pronounced, it is partially consistent with the statutorily required condition that Woodson not commit another federal, state, or local offense. *See* 18 U.S.C. § 3583(d). Federal law prohibits convicted felons from possessing firearms, ammunition, or destructive devices. 18 U.S.C. § 922(g)(1). Statutorily required release conditions need not be pronounced in open court. *See Diggles*, 957 F.3d at 559. Accordingly, standard condition 10 need only be stricken in part by removing the reference to other "dangerous weapon[s]."

Standard condition 14 provides that "[i]f restitution is ordered, the defendant must make restitution as ordered by the Judge and in accordance with the applicable provisions of 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663A, and/or 3664. The defendant must also pay the assessment imposed in accordance with 18 U.S.C. § 3013." Although this condition was not pronounced, it is consistent with the statutorily required condition that Woodson "make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution." 18 U.S.C. § 3583(d). Therefore, standard condition 14 is not stricken from the written judgment.

We VACATE Woodson's sentence in part and REMAND for the district court to amend its written judgment in accordance with this opinion.