# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30745
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

XAVIER JOHNSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-4-1

_____

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Xavier Johnson was convicted by a jury of: conspiracy to distribute and possess with intent to distribute marihuana, heroin, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. He was sentenced to, *inter alia*, a below-Guidelines range of 80-months' imprisonment.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Johnson first contends the evidence is insufficient to support his conviction. As for his sentence, he challenges: the district court's drug-quantity finding, its application of an aggravating-role adjustment, and the substantive reasonableness of his sentence. Each claim fails.

Regarding the conviction, and although we review *de novo* a properly preserved, as here, sufficiency challenge, "this review is . . . highly deferential to the verdict". *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017) (citation omitted). "We search the record for evidence supporting the convictions beyond a reasonable doubt, and review the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury[.]" *Id.* (citations omitted).

To establish the elements of a drug conspiracy, the Government must prove the existence of "an agreement by two or more persons to violate the narcotics laws", and "a defendant's knowledge of[,] . . . [and] voluntary participation in[,] the agreement". *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). A person "becomes a member of a drug conspiracy if he *knowingly participates in a plan to distribute drugs,* whether by buying, selling or otherwise". *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (citations omitted) (emphasis in original). The agreement need not be explicit; "a tacit agreement is enough". *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997).

Given that Johnson distributed heroin for Arthur Basaldua, received a package of controlled substances intended for the Angola rodeo, coordinated Amanda Santos' travel arrangements, paid for a motel room for her to repackage drugs to smuggle under her clothes into the rodeo, advised her that she looked bulky and to adjust the packages, and drove her to the rodeo, it was reasonable for the jury to infer that Johnson knew the scope of the conspiracy to smuggle drugs and contraband into Angola and knew that

Santos was concealing drugs on her person to take into the rodeo. *E.g.*, *Westbrook*, 119 F.3d at 1189. The testimony of multiple codefendants was not incredible or insubstantial on its face and was corroborated by other evidence. *See id.* at 1190. Accordingly, there was sufficient evidence introduced at trial to permit a rational jury to conclude, beyond a reasonable doubt, that Johnson knowingly participated in a plan to distribute heroin, methamphetamine, and marihuana. *See id.* at 1189–90.

For the challenges to the sentence, and although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Our court "review[s] drug quantity determinations, as findings of fact, for clear error". *United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998). Although Johnson challenges many proposed factual findings in the presentence investigation report (PSR), he did not offer evidence in district court to rebut them or otherwise show they were unreliable. Accordingly, the court was entitled to adopt the PSR and rely on the proposed facts therein without further inquiry. *E.g.*, *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010) (written objections to PSR are merely unsworn assertions). The adopted finding in the PSR that Johnson received four ounces of methamphetamine, which equates to 226.8 kilograms of converted drug weight, supports the

district court's determination that Johnson was responsible for more than 100, but less than 400, kilograms of converted drug weight. *See* U.S.S.G. § 2D1.1(c)(8) & cmt. n.8; *United States v. Rojas*, 812 F.3d 382, 412 (5th Cir. 2016). The court did not clearly err.

The Guidelines provide for a three-level adjustment to defendant's base offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive". U.S.S.G. § 3B1.1(b). Whether defendant occupied a role as an organizer or leader is a factual finding, reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* at 282.

Again, Johnson failed to rebut proposed factual findings in the PSR that he helped coordinate the delivery of controlled substances and coordinated Santos' travel arrangements for her to smuggle drugs into the Angola rodeo. *See Harris*, 702 F.3d at 230. Accordingly, the district court's application of the management-role enhancement was not clearly erroneous. *See Ochoa-Gomez*, 777 F.3d at 281; *see also United States v. Bowen*, 818 F.3d 179, 192 (5th Cir. 2016).

Finally, in raising a substantive-reasonableness challenge, Johnson has failed to rebut the presumption of reasonableness afforded to his below-Guidelines sentence because he has not demonstrated that the court failed to account for a significant factor, gave significant weight to an improper factor, or clearly erred in balancing the sentencing factors set forth in 18 U.S.C. § 3553(a). *E.g.*, *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Because the record shows the district court considered Johnson's successful completion of four years of pretrial release and his codefendants' sentences, Johnson's

No. 23-30745

contentions are mere disagreements with the court's weighing of the sentencing factors. *E.g.*, *United States v. Campos–Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). There was no abuse of discretion. *See Gall*, 552 U.S. at 52–53.

Under Federal Rule of Criminal Procedure 36, our court may review a judgment *sua sponte* for clerical errors and remand for the limited purpose of correcting those errors. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). The written judgment incorrectly states that Johnson was convicted of a conspiracy involving, *inter alia*, cocaine. The record shows Johnson was instead found guilty of conspiracy to distribute and possess with intent to distribute only heroin, marihuana, and methamphetamine.

The conviction and sentence are AFFIRMED. This case is REMANDED to district court to correct the clerical error in the judgment.