# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60439
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Marquise Deshun Spanks,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CR-106-1

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Approximately one year after the commencement of Marquise Deshun Spanks' three-year term of supervised release, the probation officer filed a petition for warrant, alleging 17 violations of the terms of Spanks' release. He admitted to seven violations, and the district court concluded he committed the remaining nine; accordingly, the court revoked his supervised

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release. (The Government dismissed one allegation at the revocation hearing, making the total number of alleged violations 16.) He challenges the reasonableness of his above-Guidelines 24-months' sentence (the statutory maximum), imposed following revocation of his supervised release.

We review properly preserved objections to the reasonableness of revocation sentences under the two-step "plainly unreasonable" standard. *E.g.*, *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). First, we review the sentence for significant procedural error. *See id.* If no such error is present, the next step is to consider whether the sentence was substantively reasonable. *Id.* We review a properly preserved substantive-reasonableness challenge for abuse of discretion. *Id.*

In challenging the reasonableness of his sentence, Spanks contends the district court impermissibly relied on factors set forth in 18 U.S.C. § 3553(a)(2)(A)—the seriousness of the offense and the need to promote respect for the law and court—in selecting his sentence. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011) ("When sentencing a defendant under [18 U.S.C.] § 3583(e), a district court may not consider § 3553(a)(2)(A) because Congress deliberately omitted that factor from the permissible factors enumerated in the statute.").

Spanks concedes he did not preserve a procedural-error challenge to his sentence. He contends, however, that he preserved the above-described impermissible-factor challenge under the umbrella of his general substantive-reasonableness challenge. Although he is correct that his requesting a sentence lower than the one ultimately imposed was sufficient to preserve his *general* substantive-reasonableness challenge, *e.g.*, *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020), this request alone was not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction" regarding his

impermissible-factor challenge. *United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013). Accordingly, regardless of whether his impermissible-factor challenge sounds in procedural error or substantive reasonableness, review is only for plain error. *E.g.*, *Cano*, 981 F.3d at 425 (applying plain-error review to unpreserved objection to improper sentencing consideration).

Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). In this context, the standard requires he show a reasonable probability that he would have received a lesser sentence but for the error. *E.g.*, *Cano*, 981 F.3d at 426–27. If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135 (citation omitted).

When imposing a revocation sentence under § 3583(e), "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence". *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Because the court also relied on several permissible factors, such as the need for deterrence and to protect the public, *see* § 3553(a)(2)(B), (C), any claimed consideration of improper § 3553(a)(2)(A) factors was, at most, additional justification for the sentence. *See Rivera*, 784 F.3d at 1017.

In any event, the court stated that it was *required* to revoke Spanks' sentence under § 3583(g)(1) for his possession of a controlled substance. And, when imposing a sentence under § 3583(g), the district court is neither directed to, nor forbidden from, considering any particular factors. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015). Accordingly, Spanks

has not shown the requisite clear-or-obvious error. *E.g.*, *Puckett*, 556 U.S. at 135.

As noted, Spanks preserved his general substantive-reasonableness challenge. *E.g.*, *Holguin-Hernandez*, 589 U.S. at 174–75. Therefore, our review is for an abuse of discretion. *E.g.*, *Cano*, 981 F.3d at 427. "A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (citation omitted). Review of a sentence's substantive reasonableness is understandably "highly deferential" to the district court. *Id.* (citation omitted). For the following reasons, there was no abuse of discretion.

The court properly considered the § 3553(a) sentencing factors, and concluded an upward variance was justified by Spanks' myriad violations of supervised release, the need to protect the public, and to deter future criminal conduct. *See United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011) (upward variance was not an abuse of discretion because it was "commensurate with the individualized, case-specific reasons provided by the district court") (citation omitted).

Although Spanks may disagree with how the relevant considerations were balanced, we will not independently reweigh the § 3553(a) sentencing factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

Finally, the extent of the challenged upward variance is well within the range of other upward variances our court has affirmed. *See, e.g.*, *Warren*,

No. 24-60439

720 F.3d at 332 (affirming statutory-maximum revocation sentence of 24 months when Guidelines range was eight to 14 months); *United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012) (affirming statutory-maximum revocation sentence of 48 months when Guidelines range was three to nine months); *United States v. Hudgens*, 4 F.4th 352, 359 (5th Cir. 2021) (noting even "major" upward variance is generally reasonable when, as in this instance, it falls within the statutory maximum sentence).

AFFIRMED.