# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2026

Lyle W. Cayce
Clerk

No. 25-30337
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIO DEWAYNE JONES, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-276-3

Before ELROD, *Chief Judge*, and SMITH and STEWART, *Circuit Judges*.

PER CURIAM:[*]

Mario Dewayne Jones, Jr., challenges the sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute methamphetamine. For the first time on appeal, he argues that the district court erred by failing to apply a minor-role adjustment pursuant to U.S.S.G. § 3B1.2(b). Our review is for plain error only. *See United States v.*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*Rodriguez-Leos*, 953 F.3d 320, 324 (5th Cir. 2020).  Here, the district court's decision not to award a minor-role adjustment was "plausible in light of the record as a whole," especially considering Jones's admissions in the factual basis and the unrebutted facts in the presentence report that were adopted by the court.  *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (internal quotation marks and citation omitted); *see United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017); *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).  Accordingly, Jones fails to show reversible error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We may review a judgment *sua sponte* for clerical errors and remand for the limited purpose of correcting those errors under Federal Rule of Criminal Procedure 36.  *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).  In this case, the written judgment incorrectly states that Jones was convicted of a conspiracy involving marijuana.  The record shows that he was found guilty of conspiracy to possess with the intent to distribute methamphetamine.  Accordingly, this case is REMANDED to the district court for the limited purpose of correcting the clerical error in the written judgment.  *See* Fed. R. Crim. P. 36.  In all other respects, the judgment is AFFIRMED.