# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20521
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNATHAN E. GOINS,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-370-1

———————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Johnathan E. Goins appeals the sentence imposed after the revocation of his supervised release. He contends that the district court plainly erred by treating the need to promote respect for the law as a dominant sentencing factor.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20521

It is true that a district court may not consider the factors in 18 U.S.C. § 3553(a)(2)(A) when imposing a sentence after a discretionary revocation under 18 U.S.C. § 3583(e). *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). But this revocation was mandatory, not discretionary. Goins admitted that he tested positive for illegal substances more than three times in one year, triggering mandatory revocation under § 3583(g)(4). Because § 3583(g) applied, Goins has not shown that the district court clearly or obviously erred in imposing the revocation sentence. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

The judgment is AFFIRMED.