# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2021

Lyle W. Cayce
Clerk

No. 20-10434
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS MARTINEZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-10438

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS MIGUEL MARTINEZ,

*Defendant—Appellant*.

No. 20-10434
c/w No. 20-10438

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-4
USDC No. 4:15-CR-232-1

---

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Luis Martinez appeals the 188-month above-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. He also appeals the 16-month revocation sentence imposed on the related revocation of his term of supervised release on an earlier conviction for felony possession of a firearm. *See* 18 U.S.C. § 3583(e). The district court ordered that these sentences be served consecutively. We AFFIRM both sentences but REMAND for the limited purpose of correcting a clerical error in the revocation judgment.

With respect to his drug conviction, Martinez argues that the district court erred in varying upward to 188 months because it did not adequately base its decision on the facts or the 18 U.S.C. § 3553(a) factors, because it did not explain the sentence, and because it was based solely on his criminal history. He argues that certain statements by the district court indicate that it was unfamiliar with his case. Martinez also argues that the district court

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

erred in ordering his sentences to run consecutively and in failing to explain why consecutive sentences addressed the § 3553(a) factors.

We review an original sentence for reasonableness in light of the sentencing factors of § 3553(a). *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). In reviewing for reasonableness, we "merely ask[] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007); *see United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013). We ordinarily review a revocation sentence to determine if it is plainly unreasonable in light of certain sentencing factors set forth in § 3553(a), asking whether the district court abused its discretion. *See United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011).

However, when a defendant fails to preserve his argument by raising it in the district court, plain error review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Under plain error review, we determine if there was a clear or obvious legal error which affected the defendant's substantial rights. *See id.* If he makes this showing, we have the discretion to remedy the error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal punctuation, quotation marks, and citation omitted).

Because Martinez did not argue before the district court that it failed to *adequately explain* the above-guidelines sentence or its decision to run the sentences consecutively, that procedural objection is reviewed for plain error. *See United States v. Coca-Ortiz*, 801 Fed. App'x 285, 286 (5th Cir. 2020). The record confirms there is no clear or obvious error. *Puckett*, 566 U.S. at 135. Even assuming, however, that the district court committed a clear or obvious error, Martinez has not shown that his substantial rights were affected as nothing in the record suggests that more thorough explanations would have resulted in a shorter sentence for the drug conviction or in an

order running the sentences concurrently. *See id.*; *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

In sentencing Martinez to 188 months for the drug conviction, an upward variance from the recommended 130 to 162-month guidelines range, the district court listened to Martinez's arguments in mitigation, but it was concerned about recidivism because of Martinez's "terrible" criminal history and his failure to be dissuaded from further criminal activity by previously imposed "light" sentences. It also concluded that the 188-month sentence adequately and appropriately addressed all of the § 3553(a) factors. "[A] district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Moreover, under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, the extent of the variance, and the district court's reasons for its sentencing decision, the above-guidelines sentence was substantively reasonable. *See Fraga*, 704 F.3d at 439-40; *Brantley*, 537 F.3d at 348-50; *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

The decision to impose consecutive sentences was also within the discretion of the district court, and that decision was authorized by statute and recommended by the Guidelines. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f). Given the deference owed the district court, we will not disturb the district court's exercise of discretion in imposing consecutive sentences.

Finally, we note that the district court orally pronounced a revocation sentence of 16 months, but the written judgment states that the revocation sentence is 15 months. We sua sponte remand this case for the limited purpose of correcting the clerical error in the written revocation judgment. *See* FED. R. CRIM. P. 36; *United States v. Illies*, 805 F.3d 607, 610 (5th Cir.

No. 20-10434
c/w No. 20-10438

2015); *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). AFFIRMED; REMANDED for the limited purpose of correcting the clerical error in the revocation judgment.