# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2020

Lyle W. Cayce
Clerk

No. 19-10884

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Brent Garner,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-147-1

Before Davis, Jones, and Willett, *Circuit Judges*.
W. Eugene Davis, *Circuit Judge*:

Appellant Christopher Garner argues that 18 U.S.C. § 3583(g), which requires revocation of supervised release and a term of imprisonment for certain drug and gun violations, is unconstitutional under *United States v. Haymond*, 130 S. Ct. 2369 (2019), where the Supreme Court held that a different mandatory revocation provision, § 3583(k), violates the Fifth and Sixth Amendments. Because § 3583(g) lacks the three features which led the Court to hold § 3583(k) unconstitutional, we AFFIRM the judgment of the district court.

No. 19-10884

## I. BACKGROUND

Christopher Garner pled guilty to aiding and abetting possession with intent to distribute methamphetamine. He was sentenced to 120 months imprisonment, to be followed by a five-year term of supervised release. Soon after his term of supervised release began, the United States Probation Office filed a petition alleging that Garner had violated the conditions of his release by possessing methamphetamine and attempting to falsify a drug test.

Garner was subject to mandatory revocation under 18 U.S.C. § 3583(g), which requires revocation and a term of imprisonment for defendants found to have committed certain gun or drug violations. At his revocation hearing, Garner argued that the mandatory revocation feature of § 3583(g) was unconstitutional under *United States v. Haymond*.[1] The district court rejected his argument, and sentenced Garner to 36 months imprisonment to be followed by a 24-month term of supervised release.

On appeal, Garner again argues that mandatory revocation under § 3583(g) is unconstitutional. Because Garner preserved his challenge, our review is de novo.[2]

## II. DISCUSSION

Under the general revocation provision, 18 U.S.C. § 3583(e), a district judge *may* revoke a defendant's term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated a condition of supervised release. And upon revocation, the district judge *may* impose a new prison term, subject to a maximum of one to five years depending on the severity of the original crime.

---

[1] 139 S. Ct. 2369 (2019).

[2] *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010).

2

No. 19-10884

Sometimes, though, revocation is mandatory. For example, 18 U.S.C. § 3583(g) *requires* revocation if a defendant (1) possesses a controlled substance in violation of a supervised release condition; (2) possesses a firearm in violation of federal law or a condition of supervised release; (3) refuses to comply with drug testing imposed as a condition of supervised release; or (4) tests positive for illegal controlled substances more than three times in one year. And when Subsection (g) applies, the district judge *must* impose a new prison term up to the maximum authorized by the general revocation provision.

In *United States v. Haymond*, a divided Supreme Court held that a different provision of the supervised release statute, § 3583(k), is unconstitutional.[3] Subsection (k) required a district judge to impose a new prison term of at least five years and up to life if it found, by a preponderance of the evidence, that the defendant committed an enumerated federal sex crime while on supervised release.

A four-justice plurality concluded that Subsection (k) is unconstitutional under *Alleyne v. United States*, where the Court held that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt.[4] Haymond's original conviction of possession of child pornography carried a prison term of zero to ten years. But after the district judge found, by a preponderance of the evidence, that Haymond engaged in additional conduct enumerated in Subsection (k) while on supervised release, that triggered a new prison term with a mandatory minimum of at least five years. The plurality reasoned that Subsection (k) violates the Fifth and Sixth Amendments by increasing a defendant's statutory sentencing range based on facts found by a judge, and

---

[3] 139 S. Ct. 2369 (2019).

[4] 570 U.S. 99 (2013).

No. 19-10884

only by a preponderance of the evidence. The plurality declined to "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g),"[5] the provision Garner challenges here.

Justice Breyer, concurring in the judgment, took a narrower approach. And because he provided the "narrowest grounds" in a case where "no single rationale explaining the result enjoys the assent of five justices," his concurrence represents "the holding of the Court."[6] Justice Breyer concluded that Subsection (k) violates the Fifth and Sixth Amendments due to three features that, "considered in combination," make it "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach:"[7]

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."[8]

Garner argues that Subsection (g) is unconstitutional under *Haymond* because it shares at least two of those features: it applies to a discrete set of specified violations, and it requires the district judge to impose at least some term of imprisonment. We disagree.

---

[5] *Haymond*, 139 S. Ct. at 2382 n.7.

[6] *Marks v. United States*, 430 U.S. 188, 193 (1977).

[7] *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment).

[8] *Id.*

No. 19-10884

First, while Subsection (g) singles out certain conduct, only some of it is criminal. Indeed, Subsection (g) applies more generally to violations of common release conditions and non-criminal behavior the court expects prisoners to avoid during supervision:

(g) **Mandatory revocation for possession of controlled substance or firearm or refusal to comply with drug testing.**—If the defendant—

(1) possesses a controlled substance in violation of the conditions [of supervised release];

(2) possesses a firearm . . . in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm;

(3) refuses to comply with drug testing imposed as a condition of supervised release; or

(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;

the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).[9]

Second, although Subsection (g) takes away the judge's discretion to decide whether a violation should result in imprisonment, it doesn't dictate the length of the sentence.

Third, Subsection (g) doesn't limit the judge's discretion in the same "particular manner" as Subsection (k). Instead of prescribing a mandatory minimum, Subsection (g) grants the judge discretion to impose any sentence up to the maximum authorized under § 3583(e) (which depends on the

---

[9] 18 U.S.C. § 3583(g).

No. 19-10884

severity of the initial offense). Unlike Subsection (k), then, any sentence imposed under Subsection (g) is "limited by the severity of the original crime of conviction, not the conduct that results in revocation."[10] That looks more like revocation as it is "typically understood"—as "part of the penalty for the initial offense," rather than punishment for a new crime.[11]

Because of these key differences, we hold that Subsection (g) is not unconstitutional under *Haymond*, and the district court did not err in its revocation decision.[12]

## III. CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.

---

[10] *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment).

[11] *Id.* (quotations omitted).

[12] Garner also argues that the district court erred in increasing his revocation sentence in order to "promote respect for the law." This argument is foreclosed by *United States v. Illies*, 805 F.3d 607 (5th Cir. 2015), where we held that no plain, clear, or obvious error attends a district court's consideration of the retributive factors set forth in § 3553(a) when revocation is mandatory under § 3583(g). Contrary to Garner's argument, *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (5th Cir. 2020), did not change this court's standard of review for revocation sentences. *See*, *e.g.*, *United States v. Chappell*, 801 F. App'x 306, 307 (5th Cir. 2020). Although an unpublished opinion issued on or after January 1, 1996 is generally not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006).