# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2021

Lyle W. Cayce
Clerk

No. 20-10461
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ILMANE CHARONE CAMPAS STRONG,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-10462

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ILMANE CHARONE STRONG,

*Defendant—Appellant*.

No. 20-10461
c/w No. 20-10462

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-325-1
USDC No. 4:10-CR-126-1

---

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Ilmane Charone Strong appeals his conviction and sentence for possessing a firearm after felony conviction in violation of 18 U.S.C. § 922(g)(1). Strong also appeals his sentence following the revocation of his supervised release for a prior bank robbery conviction. For the reasons that follow, we AFFIRM.

Strong contends that the district court plainly erred in accepting his guilty plea to possessing a firearm after felony conviction because the statute of conviction, 18 U.S.C. § 922(g), is facially unconstitutional. He also argues that the district court violated his right to a jury trial by applying the mandatory revocation provision of 18 U.S.C. § 3583(g). As Strong readily admits, these claims are foreclosed by this court's precedent. *See United States v. Garner*, 969 F.3d 550, 551-53 (5th Cir. 2020), *as revised* (Aug. 14, 2020); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Strong brings these claims only to preserve them for further review.

In addition, Strong argues that his above-policy-statement-range revocation sentence was substantively unreasonable. He asserts that the district court gave little justification for its selected sentence and did not address the mitigating factors he presented.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10461
c/w No. 20-10462

A revocation sentence is reviewed to determine whether it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). This standard is "more deferential" than the general standard for reviewing the reasonableness of criminal sentences. *Id.* (cleaned up). A revocation sentence is substantively unreasonable where the district court did not account for a sentencing factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Although Strong complains that the district court provided insufficient justification for imposing its chosen sentence and did not address mitigating factors, he does not show that the district court failed to account for a sentencing factor that should have received significant weight. He likewise failed to show that the district court gave significant weight to an irrelevant or improper factor. Strong also does not indicate how the district court made a clear error in judgment when balancing the sentencing factors. *See Warren*, 720 F.3d at 332. And, he certainly does not show how any such error was obvious under existing law. *See Miller*, 634 F.3d at 843. Accordingly, he fails to demonstrate that his sentence was substantively unreasonable.

AFFIRMED.