# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2021

Lyle W. Cayce
Clerk

No. 19-11222
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODNEY LEDELL CARTER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-133-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Rodney Ledell Carter appeals the judgment revoking the five-year supervised release term imposed on his conviction for possessing with intent to distribute cocaine base and imposing a new prison term. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11222

The Government moved under 18 U.S.C. § 3583(e)(3) to revoke supervised release on the basis that Carter violated his release terms by, inter alia, possessing controlled substances and possessing a firearm. Earlier, in a petition for offender under supervision, the probation office had alleged the same incidents as violations of mandatory conditions. That petition represented also that a Guidelines policy statement advised a revocation sentencing range of 21 to 27 months. Based on the violations alleged, Carter was subject to mandatory revocation under § 3583(g), which requires revocation and a term of imprisonment for defendants found to have committed certain gun or drug violations. Carter argued that the mandatory revocation provision was unconstitutional under *United States v. Haymond*, 139 S. Ct. 2369 (2019), which held that a different mandatory revocation provision, § 3583(k), violates the Fifth and Sixth Amendments. The district court revoked Carter's supervision and sentenced him to five years in prison with no additional term of supervised release.

Carter again argues that § 3583(g) is unconstitutional under *Haymond*. We recently rejected this exact argument, concluding that § 3583(g) "lacks the three features which led the Court to hold § 3583(k) unconstitutional." *United States v. Garner*, 969 F.3d 550, 551 (5th Cir. 2020). Because of the differences between § 3583(k) and § 3583(g), the latter "is not unconstitutional under *Haymond*." *Id.* at 553.

Additionally, reviewing for plain error, we reject Carter's new claim that the district court committed procedural error by failing to consider the Guidelines policy statements concerning revocation sentences and to calculate the sentencing range. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *see also Gall v. United States*, 532 U.S. 38, 51 (2007). Under the plain error standard, the defendant, in addition to showing that a forfeited error is clear or obvious, i.e., not "subject to reasonable dispute," must show that the error affects his substantial rights. *Puckett v. United*

*States*, 556 U.S. 129, 135 (2009). If he discharges those burdens, we have "the *discretion* to remedy the error"—discretion that will not be exercised, however, if the error has no serious effect on "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Carter cites no authority for his proposition that a district court is required to consider the policy statements when revoking and sentencing under § 3583(g). In any event, and assuming such a requirement, it is at least reasonably debatable, and thus not clear or obvious, i.e., plain, that the district court erred by imposing sentence without at least implicitly determining the policy statement sentencing range. *See Puckett*, 556 U.S. at 135; *see also United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). As shown by the judge's signature at the end of the petition for offender under supervision, the district court reviewed that petition, which correctly calculated the sentencing range. In addition to the petition for offender under supervision, the district court was familiar with the motion to revoke. The district court specifically inquired about both the petition and the motion at the revocation hearing. Documents prepared for a district court by its probation officer are proper matters for the court to consider in the sentencing process. *See Pepper v. United States*, 562 U.S. 476, 488 (2011); *see also* 18 U.S.C. § 3602(a). Because it is highly improbable that the district court signed the petition and ordered a warrant to issue without knowing the petition's contents, which included the policy statement sentencing range and the maximum sentence, Carter fails the plain error standard's requirement that the claimed error not be subject to reasonable dispute. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78. Consequently, we need not proceed to consideration of the third and fourth prongs of that standard.

AFFIRMED.