# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 21-10009
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY TYRONE GARRETT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-224-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Anthony Tyrone Garrett appeals his 24-month term of imprisonment. He contends that the United States District Court for the Northern District of Texas lacked jurisdiction to revoke his supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10009

The Western District of Texas sentenced Garrett, but transferred jurisdiction to the Northern District of Texas. Garrett relies on one sentence in the text of the transfer order: "IT IS HEREBY ORDERED that pursuant to 18 USC § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the *Southern* District of Texas, Laredo Division, upon that Court's order of acceptance of jurisdiction." (emphasis added).

Even Garrett recognizes that the reference to the Southern District "was most likely an error and oversight." He nevertheless contends that the typographical error voids the order.

The record clarifies, however, that the appearance of the wrong district on the transfer order was a clerical error. *Cf. United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (defining clerical error for purposes of Federal Rule of Criminal Procedure 36), *cert. denied*, 141 S. Ct. 1715 (2021). For example: (1) the same order identified the Northern District as the transferee court in the caption; (2) Garrett did not object to the supervision of his release in the Northern District; and (3) nothing in the record indicates that the parties or the court understood the order to transfer Garrett to the Southern District. Despite the clerical error, the record demonstrates that the order transferred jurisdiction to the Northern District of Texas before the court revoked Garrett's supervised release. *See* 18 U.S.C. § 3605; *United States v. Fernandez*, 379 F.3d 270, 273 (5th Cir. 2004).

Garrett next contends that the district court violated his right to a jury trial by applying the mandatory revocation provision of 18 U.S.C. § 3583(g). As he concedes, however, this claim is foreclosed by our precedent. *See United States v. Garner*, 969 F.3d 550, 551-53 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1439 (2021).

AFFIRMED.