# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-10883
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENDRICK DWIGHT MARSHALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-65-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Kendrick Dwight Marshall was sentenced to eight months of imprisonment and 12 months of supervised release after he pleaded true to violating the terms of the supervised release imposed following his 2016 conviction for conspiracy to commit pharmacy burglary. On appeal, he

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10883

challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised release, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Marshall contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial.  He concedes that his challenge is foreclosed under *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), *as revised* (Aug. 14, 2020), *cert. denied*, 141 S. Ct. 1439 (2021), and raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Marshall has advanced and held that § 3583(g) is not unconstitutional under *Haymond*.  *See Garner*, 969 F.3d at 551-53.  Thus, Marshall's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).