# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2022

Lyle W. Cayce
Clerk

No. 21-11131
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Danny Leon Lynch, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-153

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

The district court sentenced Danny Leon Lynch, Jr. to concurrent terms of 24 months of imprisonment on each of his original five counts of conviction after he pleaded true to violating certain terms of the supervised release imposed following his 2008 conviction on five counts of bank robbery

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11131

in violation of 18 U.S.C. § 2113(a). On appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised release, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Lynch contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial. He concedes that his challenge is foreclosed under *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1439 (2021), and raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Lynch has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Lynch's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).