# United States Court of Appeals for the Fifth Circuit

No. 22-10418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Keith Kinsey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-251-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Robert Keith Kinsey directly appeals from a judgment revoking his supervised release and sentencing him to 24 months in prison. He challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment for any offender who violates named conditions of supervised release, including—as applicable here—possession of a controlled substance.

Examining the plurality in *United States v. Haymond*, 139 S. Ct. 2369 (2019), Kinsey challenges the constitutionality of § 3583(g) because it *requires* the revocation of supervised release and imposition of imprisonment without affording the defendant a jury trial.

Kinsey concedes, however, that his argument was rejected in *United States v. Garner*, when this court held that § 3583(g) is not unconstitutional under *Haymond*.   969 F.3d 550, 551–553 (5th Cir. 2020). Kinsey's sole argument on appeal is thus foreclosed. He only raises this issue to preserve it for further review if case law should develop in his favor. In turn, the Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

The Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, as unnecessary, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).