# United States Court of Appeals
# for the Fifth Circuit

No. 22-10476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Montray Lorenzo Cato,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-194-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Montray Lorenzo Cato directly appeals from a judgment revoking his supervised release and sentencing him to 90 days of imprisonment and 30 months of supervised release.  He challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

term of imprisonment for any offender who violates certain conditions of supervised release, including prohibitions on possessing and using a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Cato contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial. He concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Cato has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551–53. Thus, Cato's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).