# United States Court of Appeals for the Fifth Circuit

————————

**No. 22-10653**
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE ROBERTO VILLARREAL,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CR-51-1

————————————————————

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Enrique Roberto Villarreal was his convicted in 2012 for possessing a firearm as a convicted felon. He was sentenced to 78 months of imprisonment and three years of supervised release. His term of supervised release was revoked in both 2020 and 2022. For the first time on appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10653

revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised release, including possessing a controlled substance or refusing to comply with the drug-testing requirement.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Villarreal contends that Section 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial.  He concedes his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and raises the issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Villarreal advances and held that Section 3583(g) is not unconstitutional under *Haymond*.  *See Garner*, 969 F.3d at 551–53.  Thus, Villarreal's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED.