# United States Court of Appeals for the Fifth Circuit

---

No. 22-11245
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Rojas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:22-CR-17-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

The district court sentenced Antonio Rojas to 30 months of imprisonment and a three-year term of supervised release ("SR") following his 2018 conviction of conspiracy to possess with intent to distribute 50 kilograms or more of marihuana. In 2022, the court revoked the term of SR. For the first time on appeal, Rojas challenges the constitutionality of 18 U.S.C. § 3583(g),

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11245

which mandates revocation of SR and requires a term of imprisonment for any offender who violates certain conditions of SR, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Rojas contends that § 3583(g) is unconstitutional because it requires revocation of SR and imposition of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and proof beyond a reasonable doubt. Rojas concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020); he raises the point only to preserve it for further review. The government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, 969 F.3d at 551–53, we rejected the argument that Rojas has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. Thus, Rojas's sole argument on appeal is foreclosed. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for extension of time is DENIED, and the judgment is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).