# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-11209
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dion Ray Wheeler,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-27-2

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Dion Ray Wheeler was sentenced to 60 months of imprisonment and five years of supervised release following his 2016 conviction for possession with intent to distribute five grams or more of methamphetamine and aiding and abetting. His term of supervised release was revoked in both 2019 and 2022. For the first time on appeal, he challenges the constitutionality of 18

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11209

U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised release, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Wheeler contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial.  He concedes that his challenge is foreclosed under *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and raises the issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Wheeler has advanced and held that § 3583(g) is not unconstitutional under *Haymond*.  *See Garner*, 969 F.3d at 551-53.  Thus, Wheeler's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).