# United States Court of Appeals for the Fifth Circuit

No. 22-11221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sidney Ray Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-159-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Sidney Ray Williams was sentenced to 36 months of imprisonment and a three-year term of supervised release following his 2020 conviction for possession of a firearm by a felon. His term of supervised release was revoked in 2022. For the first time on appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11221

term of imprisonment for any offender who violates specified conditions of supervised release, including possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Williams contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial. He concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and only raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Williams has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551–53. Thus, Williams's sole argument on appeal is foreclosed. Accordingly, the government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).