# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10320
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Davin Chaz Nevins,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CR-24-1

---

Before Davis, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Davin Chaz Nevins was sentenced to 37 months in prison and a three-year term of supervised release following his 2020 conviction for possessing a firearm after a felony conviction. His term of supervision was revoked in 2023. Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Nevins contends for the first time on appeal that 18 U.S.C. § 3583(g) is

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10320

unconstitutional because it requires revocation of supervised release and imposition of a term of imprisonment based on facts that need not be proved to a jury beyond a reasonable doubt.

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. The motion asserts that Nevins's argument is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), which held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53.

Nevins concedes his argument is foreclosed, explaining that he raises the issue to preserve it for further review. This concession is well founded, and thus summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time DENIED, and the judgment of the district court is AFFIRMED.