# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10626
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arthur Johnson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-34-1

_____

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Following his 2019 guilty plea conviction for failing to register as a sex offender, Arthur Johnson was sentenced to 48 months of imprisonment and a five-year term of supervised release. His term of supervision was revoked in 2023. For the first time on appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10626

a term of imprisonment for any offender who violates certain conditions of supervised release, including by possessing a controlled substance.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Johnson contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial. He concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Johnson has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Johnson's sole argument on appeal is foreclosed. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).