# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10907
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brent Anderson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-247-1

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Brent Anderson appeals the district court's judgment revoking his supervised release and sentencing him to an eight-month term of imprisonment. Anderson challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates certain conditions of supervised

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release, including possessing a controlled substance and having three positive drug tests over the course of one year. *See* § 3583(g)(1) & (4).

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Anderson contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and proof beyond a reasonable doubt. He concedes that his challenge is foreclosed under *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

As Anderson concedes, in *Garner*, we rejected the argument that Anderson has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Anderson's sole argument on appeal is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162-63 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED.