# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-11253
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Michael Sevier,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-69-1

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Christopher Michael Sevier appeals from the judgment revoking his term of supervised release and sentencing him to seven months in prison and two years of supervised release. For the first time on appeal, Sevier contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment for any offender

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

who violates specified conditions of supervised release, including, inter alia, refusal to comply with drug testing and possession of a controlled substance.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Sevier maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and requiring proof beyond a reasonable doubt. However, he acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely asserts the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Sevier has raised and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Accordingly, Sevier's sole argument on appeal is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Thus, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.