# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10130
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Paul Mynar,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-82-1

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Michael Paul Mynar appeals the district court's judgment revoking his supervised release and sentencing him to 12 months and one day of imprisonment. Mynar challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates specified conditions of

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release, including refusal to comply with drug testing, having three positive drug tests over the course of one year, or possession of a controlled substance.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Mynar contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and proof beyond a reasonable doubt. However, he concedes that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely raises this issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, or, alternatively, for an extension of time to file a brief.

In *Garner*, we rejected the argument that Mynar has advanced and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Mynar's sole argument on appeal is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.