# United States Court of Appeals
# for the Fifth Circuit

―――――――――――

No. 24-10133
Summary Calendar

―――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Reyes,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-111-1

―――――――――――――――――――――――

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Nathan Reyes appeals from the judgment of the district court revoking his term of supervised release and sentencing him to 21 months in prison and no additional term of supervised release. For the first time on appeal, Reyes contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10133

for any offender who violates particular conditions of supervised release, including, inter alia, refusal to comply with drug testing and possession of a controlled substance.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Reyes maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and requiring proof beyond a reasonable doubt. However, he acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely asserts the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Reyes has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Reyes's sole argument on appeal is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.