# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10577
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrence Javance Shelby,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-154-1

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Terrence Javance Shelby appeals from the judgment revoking his term of supervised release and sentencing him to 11 months in prison and 18 additional months of supervised release. For the first time on appeal, Shelby contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10577

for any offender who violates specified conditions of supervised release, including possession of a controlled substance.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Shelby maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and requiring proof beyond a reasonable doubt. He acknowledges, however, that his challenge is foreclosed by our decision in *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely asserts the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Shelby has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Because Shelby's sole argument on appeal is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Thus, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.