# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10328
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kelly M. Stapleton,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-157-1

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Kelly M. Stapleton pleaded true to violating various conditions of his supervised release, including possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The district court imposed 10 months of imprisonment, to be followed by 20 years of supervised release. Stapleton appeals the reimposition of supervised release, contending for the first time that the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court impermissibly considered the seriousness of his underlying criminal offense when imposing his revocation sentence. *See* 18 U.S.C. §§ 3553(a)(2)(A) & 3583(c), (h).

Reviewing for plain error, we are unpersuaded by Stapleton's argument because revocation was mandatory under § 3583(g), and we have held that district courts do not clearly err by considering a retributive factor at § 3553(a)(2)(A) when imposing a mandatory revocation sentence. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015); *see also United States v. Garner*, 969 F.3d 550, 553 n.12 (5th Cir. 2020). In any event, the challenged statement regarding the underlying offense is one brief remark, and Stapleton's reliance on *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015), is therefore misplaced. Here, the district court repeatedly commented on Stapleton's history of noncompliance with the conditions of his supervised release and expressed its concern for protecting the public, suggesting that the challenged statement was merely an additional reason, and not a dominant factor, for the sentence. *See* 18 U.S.C. § 3553(a)(1) & (a)(2)(C); *Rivera*, 784 F.3d at 1017. In sum, Stapleton has not met his burden of establishing a clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.