# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-11002
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Gabriel Rodgers,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:23-CR-19-1

———————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Mario Gabriel Rodgers appeals the judgment of the district court revoking his term of supervised release and sentencing him to 15 months of imprisonment. For the first time on appeal, Rodgers contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment for any offender

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11002

who violates particular conditions of supervised release, including, inter alia, refusal to comply with drug testing, possession of a controlled substance, and testing positive for illegal substances more than three times in one year.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Rodgers maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial or requiring proof beyond a reasonable doubt. However, he acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and merely asserts the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Rodgers has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Thus, Rodgers's sole argument on appeal is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.