# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2025

Lyle W. Cayce
Clerk

No. 25-10371
Summary Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

BRODRICK EUGENE DAVIS,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-136-1

_____

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges.*

PER CURIAM:[*]

Brodrick Eugene Davis appeals from the judgment of the district court revoking his term of supervised release and sentencing him to 12 months of imprisonment. For the first time on appeal, Davis contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment for any offender

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10371

who violates particular conditions of supervised release, including, inter alia, possession of a controlled substance, refusal to refrain from unlawful use of controlled substances, and refusal to comply with drug testing.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Davis maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial or requiring proof beyond a reasonable doubt.  However, he acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and asserts the issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Davis has asserted and held that § 3583(g) is not unconstitutional under *Haymond*.  *See id.* at 551-53. Thus, Davis's sole argument on appeal is foreclosed, and summary affirmance is proper.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.