# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10864
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joseph Floyd Mitchell,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-630-18

_____

Before Elrod, *Chief Judge*, and Smith and Stewart, *Circuit Judges*.
Per Curiam:[*]

Joseph Floyd Mitchell was sentenced to seven months of imprisonment upon the revocation of his term of supervised release. For the first time on appeal, he contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment for any offender who violates particular conditions of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10864

supervised release, including, among other things, refusal to comply with drug testing, possession of a controlled substance, and testing positive for illegal substances more than three times in one year.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Mitchell maintains that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial or requiring proof beyond a reasonable doubt. However, he acknowledges that *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), forecloses his challenge and asserts the issue merely to preserve it for further review. The government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Mitchell has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551–53. Thus, Mitchell's sole argument on appeal is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the district court's judgment is AFFIRMED.