# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2026

Lyle W. Cayce
Clerk

No. 25-11069
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Antwon Decarlos Giles,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-618-1

_____

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Antwon Decarlos Giles appeals from the judgment of the district court revoking his term of supervised release and sentencing him to eight months in prison and an additional 28 months of supervised release.  For the first time on appeal, Giles contests the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11069

imprisonment for any offender who violates particular conditions of supervised release, including by, inter alia, possessing a controlled substance, refusing to comply with drug testing, and testing positive for illegal substances more than three times in one year.

Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Giles argues that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial or requiring proof beyond a reasonable doubt.  However, he acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and asserts the issue to preserve it for further review.   The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Giles has asserted and held that § 3583(g) is not unconstitutional under *Haymond*.  *See Garner*, 969 F.3d at 551-53.  Thus, Giles's sole argument on appeal is foreclosed, and summary affirmance is proper.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.