# United States Court of Appeals for the Fifth Circuit

No. 25-11161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUSTIN JARED PARKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:18-CR-13-1

Before HIGGINBOTHAM, HIGGINSON, and RAMIREZ, *Circuit Judges*.
PER CURIAM:[*]

Dustin Jared Parker appeals from the judgment of the district court revoking his term of supervised release and sentencing him to six months in prison. For the first time on appeal, Parker challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and imposition of a term of imprisonment for any offender who violates particular

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

conditions of supervised release, including refusal to comply with drug testing and possession of a controlled substance.

Relying upon *United States v. Haymond*, 588 U.S. 634 (2019), Parker asserts that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial or requiring proof beyond a reasonable doubt. He acknowledges that his challenge is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), however, and he states that he is raising the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

In *Garner*, we rejected the argument that Parker has asserted and held that § 3583(g) is not unconstitutional under *Haymond*. *See Garner*, 969 F.3d at 551-53. Accordingly, Parker's sole argument on appeal is foreclosed, and summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.